UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO.
05-30031-KPN

BERKSHIRE HEALTHCARE SYSTEMS, INC.,

    Plaintiff,

vs.

ROYAL & SUN ALLIANCE,

    Defendant.

## NOTICE OF REMOVAL

NOW COMES the Defendant, Royal & Sun Alliance incorrectly named herein the correct defendant being Security Insurance Company of Hartford ("Defendant"), and hereby notices the removal of the following described action from the Superior Court of Berkshire County, Commonwealth of Massachusetts (the "State Court"), to the United States District Court for the District of Massachusetts, Springfield Division (the "District Court"), as authorized by 28 U.S.C.A. §1441, et seq., and would show to the Court that the grounds for removal are as follows:

I.

Plaintiff, Berkshire Healthcare Systems, Inc. ("BHCS" or "Plaintiff"), filed a Complaint for Declaratory Judgment against Defendant on or about December 17, 2004, in a suit styled Berkshire Healthcare Systems, Inc. v. Royal & Sun Alliance, in the Superior Court of Berkshire

33902.1

V.

The captioned District Court sits in the district and division embracing the place where the State Court Action is pending.

VI.

The District Court has jurisdiction over this action arising out of diversity jurisdiction. Plaintiff is a Massachusetts corporation with a principal place of business in the State of Massachusetts. The Complaint alleges that Defendant, Royal & Sun Alliance, is a North Carolina corporation with a principal place of business in North Carolina. Royal & Sun Alliance is not a corporate entity but rather is a trade name; hence Royal & Sun Alliance has no place of incorporation. As indicated above, the Defendant has been incorrectly named herein as Royal & Sun Alliance, the true defendant being Security Insurance Company of Hartford, the entity that actually issued the Policy. Security Insurance Company of Hartford is a Connecticut corporation with a principal place of business in North Carolina. The amount in controversy, in the event Plaintiff were to prevail on its claims, exceeds $75,000.00 exclusive of interest and costs.

VII.

Pursuant to 28 U.S.C.A. §1332, United States District Courts have original jurisdiction over all civil actions where the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, and the action involves a dispute between citizens of different states. Therefore, the District Court has original jurisdiction over this matter under 28 U.S.C.A. § 1332, and this action may be removed from the State Court to the District Court pursuant to 28 U.S.C.A. §1441 (a) and (b).

33902.1

VIII.

Defendant is the only defendant named in the Complaint and is therefore the only defendant that has made an appearance in this matter.

IX.

A list of all counsel of record is attached as Exhibit "B". An index of all matters being filed herewith is attached as Exhibit "C".

X.

Defendant appears herein by and through its attorneys specifically and solely for the purpose of removing the State Court Action to the District Court.

XI.

Promptly after filing this Notice of Removal of the State Court Action, Defendant will give written notice of such filing to Plaintiff, and will file a copy of the Notice of Removal with the clerk of the State Court, which shall effect removal of the State Court Action, and the State Court Action shall proceed no further unless and until the case is remanded.

WHEREFORE, Defendant prays that this Notice of Removal be accepted as good and sufficient, that the aforesaid Complaint be removed from State Court to the District Court for trial and determination as provided by law, and that the District Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in said

33902.1

State Court Action, and thereupon proceed with this civil action as if it had originally been commenced in the District Court.

SO NOTICED this 28th day of January, 2005.

                                                  Defendant,
                                                  Respectfully submitted by its attorneys,

                                                  /s/ Kathleen M. Colbert
                                                  George C. Rockas, BBO#544009
                                                  Kathleen M. Colbert, BBO#561174
                                                  WILSON, ELSER, MOSKOWITZ,
                                                     EDELMAN & DICKER LLP
                                                  155 Federal Street
                                                  Boston, Massachusetts 02110
                                                  (617) 422-5300

## CERTIFICATE OF SERVICE

I, Kathleen M. Colbert, hereby certify that on this 28th day of January, 2005, I served a copy of the foregoing document by first class, postage prepaid mail upon the following counsel of record:

Lucy Prashker BBO# 405580
CAIN HIBBARD MYERS & COOK, PC
309 Main Street
Great Barrington, MA 01230
(413) 528-4771
(413) 528-6973 (facsimile)

                                                  /s/ Kathleen M. Colbert
                                                  Kathleen M. Colbert

33902.1

Exhibit A

COMMONWEALTH OF MASSACHUSETTS

Berkshire, ss.                                              Superior Court
                                                            Civil Action No.

| |
|---|
| BERKSHIRE HEALTHCARE SYSTEMS, INC., |
| Plaintiff, |
| v. |
| ROYAL & SUN ALLIANCE, |
| Defendant. |

## COMPLAINT FOR DECLARATORY JUDGMENT

### PARTIES

1.  Berkshire Healthcare Systems, Inc. ("BHCS") is a not-for-profit Massachusetts corporation with a principal place of business at 75 North Street, Pittsfield, Massachusetts.

2.  Royal & Sun Alliance ("Royal") is a North Carolina corporation with a principal place of business at 9300 Arrowpoint Boulevard, Charlotte, North Carolina.

### JURISDICTION

3.  This Court has jurisdiction of this matter under M.G.L. c. 223A, §3 and M.G.L. c. 231A.

### PRELIMINARY STATEMENT

4.  BHCS seeks a judgment, under M.G.L. c. 231A, declaring its contractual rights under its Workers' Compensation and Employers' Liability Insurance Policy (the "Policy") issued by Royal for the January 1, 2001 to January 1, 2002 policy period (the "Policy Period"). The premiums payable by BHCS under that Policy are calculated

SED / 12/17/2004 / 001176 / 1011-002 / 216160

according to a retrospective rating plan and are subject to a $250,000 loss limitation for each claim made. Royal failed to apply that loss limitation in calculating the third retrospective premium adjustment under the Policy. As a result of that failure, Royal's third retrospective premium adjustment overstates the appropriate premium adjustment by $200,625. BHCS seeks an order declaring that the third retrospective premium adjustment be reduced by that amount in accordance with the loss limitation. BHCS also seeks an order requiring Royal to provide adequate assurances of ability to perform its future obligations under the Policy prior to BHCS's being required to make any additional retrospective premium payments based upon estimated future losses under the Policy.

## The Retrospective Rating Plan

5. BHCS purchased a Workers' Compensation and Employers' Liability Insurance Policy from Royal effective January 1, 2001.

6. BHCS elected to enroll in Royal's "Retrospective Rating Plan" for the calculation of premiums. Under that Retrospective Rating Plan, a "Retrospective Premium" was to be periodically adjusted based in part on actual and estimated losses relating to the Policy Period.

## BHCS's Election of a Loss Limitation

7. An endorsement to the Policy provides that the policy holder may elect a "Loss Limitation" described as follows:

> The election of a loss limitation means that the amount of incurred loss to be included in the retrospective premium is limited to an amount called the loss limitation. The loss limitation applies separately to each person who sustains bodily injury by disease and separately to all bodily injury arising out of any one accident.

8. BHCS duly elected the application of a loss limitation of "$250,000" under the Policy.

## Retrospective Premium Adjustment Made Without Loss Limitation

9. In accordance with the Policy, Royal made its first retrospective premium adjustment in June 2002, valuing the losses (both actual and estimated) for that period at $870,006, resulting in a decrease in the Retrospective Premium by $18,713.

10. Royal made a second retrospective premium adjustment for the Policy Period in June 2003, valuing the losses (again, both actual and estimated) for that period at $979,115, resulting in an increase in the Retrospective Premium of $128,489.

11. Royal made a third retrospective adjustment for the Policy Period in June 2004, valuing the losses (again, both actual and estimated) at $1,302,959, resulting in an alleged (but disputed) increase in the Retrospective Premium of $381,365.

12. The third retrospective adjustment included an adjustment made for a single claim valued at $420,365.

13. That claim should have triggered the application of the $250,000 loss limitation; Royal, however, failed to apply the loss limitation to that claim in violation of the terms of the Policy.

14.     Had Royal correctly applied the $250,000 loss limitation, the third retrospective premium adjustment would have been $200,625 lower, equaling $180,740, rather than $381,365.

### Royal's Financial Distress

15.     Upon information and belief, Royal is in financial distress and is either insolvent or nearing insolvency.

16.     BHCS has received no adequate assurances that any additional premiums that it may pay to Royal to cover future estimated claims relating to the Policy Period will, in fact, be available to pay those claims in accordance with Royal's contractual obligations under the Policy.

17.     Absent such assurances of future performance, BHCS should not be required to pay substantial retrospective premium adjustments to the extent based on Royal's estimates of future losses.

**WHEREFORE**, BHCS requests that the Court enter judgment:

1. Declaring that the $250,000 loss limitation applies to the Policy for the Policy Period;

2. Declaring that any retrospective premium adjustment for the Policy Period be reduced by $200,625 in accordance with the loss limitation;

3. Ordering Royal to provide adequate assurances of future coverage of estimated claims;

4. Declaring that BHCS is not required to pay any additional premiums to Royal for the Policy Period absent such adequate assurances; and

5. Awarding costs and such other relief as the Court deems just and appropriate.

> Respectfully submitted,
>
> BERKSHIRE HEALTHCARE SYSTEMS, INC.,
> Plaintiff
>
> By its attorney,
>
> _____
> Lucy Prashker (BBO# 405580)
> CAIN HIBBARD MYERS & COOK, PC
> Attorney for the Plaintiff
> 309 Main Street
> Great Barrington, MA 01230
> (413) 528-4771
> (413) 528-6973 (fax)

Dated: December 17, 2004

Exhibit B

## LIST OF COUNSEL OF RECORD

For the Plaintiff

Lucy Prashker BBO# 405580
CAIN HIBBARD MYERS & COOK, PC
309 Main Street
Great Barrington, MA 01230
(413) 528-4771
(413) 528-6973 (facsimile)

For the Defendant

George C. Rockas, BBO#544009
Kathleen M. Colbert, BBO#561174
WILSON, ELSER, MOSKOWITZ,
   EDELMAN & DICKER LLP
155 Federal Street
Boston, Massachusetts 02110
(617) 422-5300
(617) 423-6917

33933.1

Exhibit C

EXHIBIT C
MATTERS FILED WITH NOTICE OF REMOVAL

1. Notice of Removal

2. Plaintiff's Complaint for Declaratory Judgment

3. List of All Counsel of Record

15137.1

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Berkshire Health Systems, Inc.

### DEFENDANTS
Royal & Sun Alliance incorrectly named herein the correct defendant being Security Insurance Company of Hartford

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Berkshire
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Lucy Prashker, Esq. BBO#405580
CAIN HIBBARD MYERS & COOK, PC
309 Main St, Great Barrington, MA 01230

ATTORNEYS (IF KNOWN)
George C. Rockas, Esq., BBO#544009
Kathleen M. Colbert, Esq., BBO#544009
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER
155 Federal St. Boston, MA 02110

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☒2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / HABEAS CORPUS: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | FEDERAL TAX SUITS | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C.A. sec. 1441 and 1332 · Declaratory Judgment action declaring retrospective premium adjustment.

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 1-28-05
SIGNATURE OF ATTORNEY OF RECORD  Kathleen M Colbert  305834

FOR OFFICE USE ONLY

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) <u>Berkshire Health Systems, Inc. v. Royal & SUn Alliance incorrectly named herein the correct defendant being Security Insurance Company of Hartford</u>

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   — I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   — II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,       *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   X III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   — IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   — V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

_____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐   NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☐   NO ☒

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division ☐     Central Division ☐     Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division ☐     Central Division ☐     Western Division ☒

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME <u>Kathleen M. Colbert, Wilson, Elser, Moskowitz, Edelman & Dicker LLP</u>
ADDRESS <u>155 Federal Street, Boston, MA 02110</u>
TELEPHONE NO. <u>(617) 422-5300</u>

Coversheetlocal.wpd - 10/17/02)