BERKSHIRE SUPERIOR COURT
Case Summary
Civil Docket

### BECV2004-00364
### Berkshire Healthcare Systems, Inc. v Royal & Sun Alliance

FILED CLERKS OFFICE 2005 FEB -8 P 2:43 U.S. DISTRICT COURT DISTRICT OF MASS

05CV30031-KPN

| | | | | | |
|---|---|---|---|---|---|
| File Date | 12/17/2004 | Status | Disposed: transfered to other court (dtrans) | | |
| Status Date | 02/04/2005 | Session | A - Civil A - CtRm 1 | | |
| Origin | 1 | Case Type | D13 - Declaratory judgement (28/1A) | | |
| Lead Case | | Track | A | | |
| Service | 03/17/2005 | Answer | 05/16/2005 | Rule12/19/20 | 05/16/2005 |
| Rule 15 | 03/12/2006 | Discovery | 02/05/2007 | Rule 56 | 04/06/2007 |
| Final PTC | 08/04/2007 | Disposition | 12/17/2007 | Jury Trial | Unknown |

**PARTIES**

**Plaintiff**
Berkshire Healthcare Systems, Inc.
Active 12/17/2004

**Private Counsel 405330**
Lucy Prashker
Cain Hibbard Myers & Cook
66 West Street
Pittsfield, MA 01201
Phone: 413-443-4771
Fax: 413-443-7694
Active 12/17/2004 Notify

**Defendant**
Royal & Sun Alliance
Service pending 12/17/2004

**ENTRIES**

| Date | Paper | Text |
|---|---|---|
| 12/17/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 12/17/2004 | | Origin 1, Type D13, Track A. |
| 12/17/2004 | 2.0 | Uniform Counsel Certification filed |
| 01/31/2005 | 3.0 | Notice of Filing of Notice of Removal to the United States District Court with Certificate of Service, filed. |
| 02/04/2005 | | Certified copies of all documents mailed to US District Court along with receipt to be returned. |
| 02/04/2005 | | Case REMOVED this date to US District Court of Massachusetts |

**EVENTS**

A True Copy
Attest: [signature] Clerk

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 04-364 | Trial Court of Massachusetts Superior Court Department County: Berkshire |
|---|---|---|

| PLAINTIFF(S) Berkshire Healthcare Systems, Inc. | DEFENDANT(S) ROYAL & SUN ALLIANCE |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Lucy Prashker, Esq. CAIN HIBBARD MYERS & COOK PC 66 West Street, Pittsfield, MA 01201 Board of Bar Overseers number: #405580 | ATTORNEY (if known) |

FILED CLERKS OFFICE
2005 FEB -7 P 2:43
U.S. DISTRICT COURT
DISTRICT OF MASS

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION** (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| D13 | Declaratory Judgment | ( F ) | ( ) Yes ( X ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................................. $..........
2. Total Doctor expenses .................................................................. $..........
3. Total chiropractic expenses ............................................................ $..........
4. Total physical therapy expenses ....................................................... $..........
5. Total other expenses (describe) ....................................................... $..........
   Subtotal $..........
B. Documented lost wages and compensation to date ........................................ $..........
C. Documented property damages to date .................................................. $..........
D. Reasonably anticipated future medical and hospital expenses ........................... $..........
E. Reasonably anticipated lost wages ..................................................... $..........
F. Other documented items of damages (describe) ......................................... $..........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   $..........
   TOTAL $..........

THE COMMONWEALTH OF MASSACHUSETTS
BERKSHIRE, S.S. SUPERIOR COURT
FILED DEC 17 2004

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

This is an action for Declaratory Judgment under G.L. c. 231A seeking determination of rights under an insurance policy plus award of costs

TOTAL $ N/A

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

A True Copy

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE: 12/17/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS

Berkshire, ss.                                            Superior Court
                                                          Civil Action No. 04-364

BERKSHIRE HEALTHCARE SYSTEMS,
INC.,

                          Plaintiff,

v.

ROYAL & SUN ALLIANCE,

                          Defendant.



THE COMMONWEALTH OF MASSACHUSETTS
BERKSHIRE, S.S. SUPERIOR COURT

FILED DEC 17 2004

COMPLAINT FOR DECLARATORY JUDGMENT

PARTIES

1.   Berkshire Healthcare Systems, Inc. ("BHCS") is a not-for-profit Massachusetts corporation with a principal place of business at 75 North Street, Pittsfield, Massachusetts.

2.   Royal & Sun Alliance ("Royal") is a North Carolina corporation with a principal place of business at 9300 Arrowpoint Boulevard, Charlotte, North Carolina.

JURISDICTION

3.   This Court has jurisdiction of this matter under M.G.L. c. 223A, §3 and M.G.L. c. 231A.

PRELIMINARY STATEMENT

4.   BHCS seeks a judgment, under M.G.L. c. 231A, declaring its contractual rights under its Workers' Compensation and Employers' Liability Insurance Policy (the "Policy") issued by Royal for the January 1, 2001 to January 1, 2002 policy

SED / 12/17/2004 / 001176 / 1011-002 / 216160

period (the "Policy Period"). The premiums payable by BHCS under that Policy are calculated according to a retrospective rating plan and are subject to a $250,000 loss limitation for each claim made. Royal failed to apply that loss limitation in calculating the third retrospective premium adjustment under the Policy. As a result of that failure, Royal's third retrospective premium adjustment overstates the appropriate premium adjustment by $200,625. BHCS seeks an order declaring that the third retrospective premium adjustment be reduced by that amount in accordance with the loss limitation. BHCS also seeks an order requiring Royal to provide adequate assurances of ability to perform its future obligations under the Policy prior to BHCS's being required to make any additional retrospective premium payments based upon estimated future losses under the Policy.

## The Retrospective Rating Plan

5.  BHCS purchased a Workers' Compensation and Employers' Liability Insurance Policy from Royal effective January 1, 2001.

6.  BHCS elected to enroll in Royal's "Retrospective Rating Plan" for the calculation of premiums. Under that Retrospective Rating Plan, a "Retrospective Premium" was to be periodically adjusted based in part on actual and estimated losses relating to the Policy Period.

### BHCS's Election of a Loss Limitation

7. An endorsement to the Policy provides that the policy holder may elect a "Loss Limitation" described as follows:

> The election of a loss limitation means that the amount of incurred loss to be included in the retrospective premium is limited to an amount called the loss limitation. The loss limitation applies separately to each person who sustains bodily injury by disease and separately to all bodily injury arising out of any one accident.

8. BHCS duly elected the application of a loss limitation of "$250,000" under the Policy.

### Retrospective Premium Adjustment Made Without Loss Limitation

9. In accordance with the Policy, Royal made its first retrospective premium adjustment in June 2002, valuing the losses (both actual and estimated) for that period at $870,006, resulting in a decrease in the Retrospective Premium by $18,713.

10. Royal made a second retrospective premium adjustment for the Policy Period in June 2003, valuing the losses (again, both actual and estimated) for that period at $979,115, resulting in an increase in the Retrospective Premium of $128,489.

11. Royal made a third retrospective adjustment for the Policy Period in June 2004, valuing the losses (again, both actual and estimated) at $1,302,959, resulting in an alleged (but disputed) increase in the Retrospective Premium of $381,365.

12. The third retrospective adjustment included an adjustment made for a single claim valued at $420,365.

13. That claim should have triggered the application of the $250,000 loss limitation; Royal, however, failed to apply the loss limitation to that claim in violation of the terms of the Policy.

14. Had Royal correctly applied the $250,000 loss limitation, the third retrospective premium adjustment would have been $200,625 lower, equaling $180,740, rather than $381,365.

### Royal's Financial Distress

15. Upon information and belief, Royal is in financial distress and is either insolvent or nearing insolvency.

16. BHCS has received no adequate assurances that any additional premiums that it may pay to Royal to cover future estimated claims relating to the Policy Period will, in fact, be available to pay those claims in accordance with Royal's contractual obligations under the Policy.

17. Absent such assurances of future performance, BHCS should not be required to pay substantial retrospective premium adjustments to the extent based on Royal's estimates of future losses.

**WHEREFORE**, BHCS requests that the Court enter judgment:

1. Declaring that the $250,000 loss limitation applies to the Policy for the Policy Period;

2. Declaring that any retrospective premium adjustment for the Policy Period be reduced by $200,625 in accordance with the loss limitation;

3. Ordering Royal to provide adequate assurances of future coverage of estimated claims;

4. Declaring that BHCS is not required to pay any additional premiums to Royal for the Policy Period absent such adequate assurances; and

5. Awarding costs and such other relief as the Court deems just and appropriate.

Respectfully submitted,

BERKSHIRE HEALTHCARE
SYSTEMS, INC.,
Plaintiff

By its attorney,

Lucy Prashker (BBO# 405580)
CAIN HIBBARD MYERS &
COOK, PC
Attorney for the Plaintiff
309 Main Street
Great Barrington, MA 01230
(413) 528-4771
(413) 528-6973 (fax)

Dated: December 17, 2004

**Commonwealth of Massachusetts**
**County of Berkshire**
**The Superior Court**

CIVIL DOCKET# **BECV2004-00364-A**

RE: Berkshire Healthcare Systems, Inc. v Royal & Sun Alliance

TO: Lucy Prashker, Esquire
Cain Hibbard Myers & Cook
66 West Street
Pittsfield, MA 01201

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 03/17/2005 |
| Response to the complaint filed (also see MRCP 12) | 05/16/2005 |
| All motions under MRCP 12, 19, and 20 filed | 05/16/2005 |
| All motions under MRCP 15 filed | 03/12/2006 |
| All discovery requests and depositions completed | 02/05/2007 |
| All motions under MRCP 56 served and heard | 04/06/2007 |
| Final pre-trial conference held and firm trial date set | 08/04/2007 |
| Case disposed | 12/17/2007 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session **A** sitting in **Superior Court-2nd Floor at Berkshire Superior Court.**

Dated: 12/20/2004

Deborah S. Capeless
Clerk of the Courts

BY: Deborah A. Schilling
Assistant Clerk

Location: Superior Court-2nd Floor
Telephone: (413) 499-7487

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

A True Copy

Check website as to status of case: http://ma-trialcourts.org/tcic

cvdtracf_2.wpd 285234 trkset dillonm

Commonwealth of Massachusetts
Trial Court

_____Superior Court_____ Department

UNIFORM COUNSEL CERTIFICATION
FOR CIVIL CASES

THE COMMONWEALTH OF MASSACHUSETTS
BERKSHIRE, S.S. SUPERIOR COURT

FILED DEC 17 2004

CASE NAME: Berkshire Healthcare Systems, Inc. v. Royal & Sun Allicance  DOCKET # 04-364

I am attorney-of-record for: _____Berkshire Healthcare Systems, Inc._____
plaintiff/~~defendant/petitioner~~ in the above-entitled matter.

In accordance with Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) which states in part: "... Attorneys shall: provide their clients with this information about court-connected dispute resolution services; discuss with their clients the advantages and disadvantages of the various methods of dispute resolution; and certify their compliance with this requirement on the civil cover sheet or its equivalent ...," I hereby certify that I have complied with this requirement.

_____
Signature of Attorney-of-Record

Lucy Prashker, Esq.
_____
Print Name

B.B.O. # 405580

Date: 12/17/04

This certification may be filed by counsel as is, or this text may be incorporated into a form currently in use at the initiation of a case (e.g., civil cover sheet, appearance form, etc.), as determined to be appropriate in each department of the Trial Court. Plaintiff's/Petitioner's counsel shall file this document at the time his/her initial pleading is filed. All other counsel shall file it within thirty (30) days of his/her initial entry into the case whether by answer, motion, appearance slip or other pleading.

A True Copy
Attest: _____
Clerk

COMMONWEALTH OF MASSACHUSETTS

BERKSHIRE, ss.                                    SUPERIOR COURT
                                                  CIVIL ACTION NO. 04-364

BERKSHIRE HEALTHCARE SYSTEMS, )
INC.,                          )
                               )
        Plaintiff,             )
                               )
vs.                            )
                               )
ROYAL & SUN ALLIANCE,          )
                               )
        Defendant.             )
                               )

## NOTICE OF FILING OF NOTICE OF REMOVAL
## TO THE UNITED STATES DISTRICT COURT

Please take notice that on or about January 28, 2005, Defendant, Royal & Sun Alliance incorrectly named herein the correct defendant being Security Insurance Company of Hartford, ("Defendant") removed the above-captioned matter to the United States District Court for the District of Massachusetts pursuant to Section 1331, Section 1441 and Section 1446 of Title 28 of the United States Code. A certified copy of the Notice of Removal to the federal court shall be filed with this court in accordance with Section 1446(d) of Title 28 of the United States Code as soon as same is received.

                                        Defendant,

                                        Respectfully submitted,



A True Copy

33941.1

_____
George C. Rockas, BBO#544009
Kathleen M. Colbert, BBO#561174
WILSON, ELSER, MOSKOWITZ,
  EDELMAN & DICKER LLP
155 Federal Street
Boston, Massachusetts 02110
(617) 422-5300

## CERTIFICATE OF SERVICE

I, Kathleen M. Colbert, hereby certify that on this 28th day of January, 2005, I served a copy of the foregoing document by first class, postage prepaid mail upon the following counsel of record:

Lucy Prashker BBO# 405580
CAIN HIBBARD MYERS & COOK, PC
309 Main Street
Great Barrington, MA 01230
(413) 528-4771
(413) 528-6973 (facsimile)

_____
Kathleen M. Colbert

2

33941.1

# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

155 Federal Street, Boston, Massachusetts 02110   Tel: (617) 422-5300   Fax: (617) 423-6917

*New York • Los Angeles • San Francisco • Washington, DC • Newark • Philadelphia • Baltimore • Miami • Chicago • White Plains, NY
Dallas • Albany, NY • San Diego • Houston • Garden City, NY • Boston • McLean, VA • Stamford • London
Affiliate Offices: Paris • Berlin • Cologne • Frankfurt • Munich*

www.wemed.com

**Kathleen M. Colbert**
Writer's Ext.: 5405
ColbertK@wemed.com

January 28, 2005

Clerk, Civil Business
Berkshire Superior Court
Courthouse uilding
76 East Street
Pittfield, MA 01201

Re: Berkshire Healthcare Systems, Inc. v. Royal & Sun Alliance
Civil Action No.: 04-364

Dear Sir or Madam:

Enclosed please find for filing Notice of Filing of Notice of Removal to the United States District Court in the above-referenced matter.

Thank you for your attention to this matter.

Very truly yours,

Kathleen M. Colbert

KMC/cbm
Enclosure
cc: Lucy Prashker, Esq.

A True Copy

Clerk

33960.1

## CIVIL ACTION COVER SHEET INSTRUCTIONS

### SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**CONTRACT**
- A01 Services, labor and materials (F)
- A02 Goods sold and delivered (F)
- A03 Commercial Paper (F)
- A08 Sale or lease of real estate (F)
- A12 Construction Dispute (A)
- A99 Other (Specify) (F)

**TORT**
- B03 Motor Vehicle negligence- personal injury/property damage (F)
- B04 Other negligence-personal injury/property damage (F)
- B05 Products Liability (A)
- B06 Malpractice-medical (A)
- B07 Malpractice-other(Specify) (A)
- B08 Wrongful death, G.L.c.229,s2A (A)
- B15 Defamation (Libel-Slander) (A)
- B19 Asbestos (A)
- B20 Personal Injury-Slip&Fall (F)
- B21 Environmental (A)
- B22 Employment Discrimination (F)
- B99 Other (Specify) (F)

**REAL PROPERTY**
- C01 Land taking (eminent domain) (F)
- C02 Zoning Appeal, G.L. c.40A (F)
- C03 Dispute concerning title (F)
- C04 Foreclosure of mortgage (X)
- C05 Condominium lien and charges (X)
- C99 Other (Specify) (F)

**EQUITABLE REMEDIES**
- D01 Specific performance of contract (A)
- D02 Reach and Apply (F)
- D06 Contribution or Indemnification (F)
- D07 Imposition of Trust (A)
- D08 Minority Stockholder's Suit (A)
- D10 Accounting (A)
- D12 Dissolution of Partnership (F)
- D13 Declaratory Judgment G.L.c.231A (A)
- D99 Other (Specify) (F)

**MISCELLANEOUS**
- E02 Appeal from administrative Agency G.L. c. 30A (X)
- E03 Action against Commonwealth Municipality, G.L. c.258 (A)
- E05 All Arbitration (X)
- E07 c.112,s.12S (Mary Moe) (X)
- E08 Appointment of Receiver (X)
- E09 General contractor bond, G.L. c.149,s.29,29a (A)
- E11 Workman's Compensation (X)
- E14 Chapter 123A Petition-SDP (X)
- E15 Abuse Petition, G.L.c.209A (X)
- E16 Auto Surcharge Appeal (X)
- E17 Civil Rights Act, G.L.c.12,s.11H (A)
- E18 Foreign Discovery proceeding (X)
- E96 Prisoner Cases (F)
- E97 Prisoner Habeas Corpus (X)
- E99 Other (Specify) (X)

### TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | ☒ Yes ☐ No |

### SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

**A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT, BUFF COLOR PAPER.**

**FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.**