UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO.
05-CV-30031-KPN

| | |
|---|---|
| BERKSHIRE HEALTHCARE SYSTEMS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ROYAL & SUN ALLIANCE, | ) |
| | ) |
| Defendant. | ) |

## ANSWER OF SECURITY INSURANCE COMPANY OF HARTFORD INCORRECTLY NAMED HEREIN AS ROYAL AND SUN ALLIANCE TO PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT

Now comes the Defendant, Security Insurance Company of Hartford incorrectly named herein as Royal and Sun Alliance ("Defendant" or "Security"), and hereby answers the Complaint of Plaintiff, Berkshire Healthcare Systems, Inc. ("Berkshire" or "Plaintiff") as follows, reserving all rights to seek additional relief or rely upon additional defenses to the Plaintiff's Complaint. All allegations of Plaintiff's Complaint not specifically admitted herein are denied by Defendant.

1.    Defendant admits that Plaintiff is a Massachusetts corporation but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of the Plaintiff's Complaint and calls upon the Plaintiff to prove the same.

2.     Defendant denies the allegations contained in paragraph 2 of the Plaintiff's
       Complaint.  Defendant further states that Security is a Connecticut corporation
       with a principal place of business in North Carolina and is the correct defendant in
       this action.

3.     Defendant states that it can neither admit nor deny the Plaintiff's statement
       contained in Paragraph 3 of the Plaintiff's Complaint since such statement is a
       legal conclusion. To the extent that a response is deemed required, Defendant
       denies the allegations contained in Paragraph 3 of the Plaintiff's Complaint.

4.     Defendant states that the first sentence of Paragraph 4 is an introductory statement
       to which no response is required.  Defendant admits that the premiums under the
       Policy are calculated according to a retrospective rating plan but is without
       knowledge or information sufficient to form a belief as to the truth of the
       remaining allegations contained in the second sentence of Paragraph 4 of the
       Plaintiff's Complaint and calls upon the Plaintiff to prove the same.  Defendant
       admits that Security did not apply the loss limitation in calculating the third
       retrospective premium adjustment under the Policy but denies the remaining
       allegations contained in the third sentence in Paragraph 4 of the Plaintiff's
       Complaint.  Defendant denies the fourth sentence contained in Paragraph 4 of the
       Plaintiff's Complaint.  Defendant states that the fifth and sixth sentences of
       Paragraph 4 are introductory statements to which no response is required.

5.     Defendant admits that Security issued a Workers Compensation and Employers
       Liability Insurance Policy to Plaintiff for the Policy period of January 1, 2001 to

34953.2

January 1, 2002 but denies the remaining allegations contained in Paragraph 5 of the Plaintiff's Complaint.

6.    Defendant admits the allegations contained in Paragraph 6 of the Plaintiff's Complaint.

7.    Defendant states that the Policy speaks for itself.

8.    The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Plaintiff's Complaint and calls upon the Plaintiff to prove the same.

9.    Defendant admits that Security made its first retrospective premium adjustment in June 2002, valuing the losses (both actual and estimated) for that period at $870,006, resulting in a decrease in the retrospective premium by $18,713 but denies the remaining allegations contained in Paragraph 9 of the Plaintiff's Complaint.

10.    Defendant admits that Security made its second retrospective premium adjustment for the policy period in June 2003, valuing the losses (again, both actual and estimated) for that period at $979,115, resulting in an increase in the retrospective premium of $128,489 but denies the remaining allegations contained in Paragraph 10 of the Plaintiff's Complaint.

11.    Defendant admits that Security made a third retrospective adjustment for the policy period in June 2004, valuing the losses (again, both actual and estimated) at $1,302,959, resulting in an alleged (but disputed) increase in the retrospective premium of $381,365 but denies the remaining allegations contained in Paragraph 11 of the Plaintiff's Complaint.

34953.2

12.     Defendant admits the allegations contained in Paragraph 12 of the Plaintiff's Complaint.

13.     Defendant denies the allegations contained in Paragraph 13 of the Plaintiff's Complaint.

14.     Defendant admits that if the $250,000 loss limitation were applied, the third retrospective premium adjustment would have been lower but denies the remaining allegations contained in Paragraph 14 of the Plaintiff's Complaint.

15.     Defendant states that it can neither admit nor deny the Plaintiff's statement contained in Paragraph 15 of the Plaintiff's Complaint since such statement is a legal conclusion. To the extent that a response is deemed required, Defendant denies the allegations contained in Paragraph 15 of the Plaintiff's Complaint.

16.     Defendant is without knowledge or information sufficient to form a belief as to whether Plaintiff has received assurances that any additional premiums that it may pay to Security to cover future estimated claims relating to the Policy Period will be available to pay those claims but denies that Plaintiff is entitled to any such assurances. Defendant denies the remaining allegations contained in Paragraph 16 of the Plaintiff's Complaint.

17.     Defendant denies the allegations contained in Paragraph 17 of the Plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

And further answering, Defendant says that the terms and conditions of the Policy prohibit the relief requested in the Plaintiff's Complaint.

34953.2

## SECOND AFFIRMATIVE DEFENSE

And further answering, Defendant says that the Plaintiff has waived and/or is estopped from seeking the relief requested in Plaintiff's Complaint.

## THIRD AFFIRMATIVE DEFENSE

And further answering, the Defendant says that the Plaintiff failed to comply with the terms and conditions of the Policy, wherefore the Plaintiff is barred from recovery in this action.

## FOURTH AFFIRMATIVE DEFENSE

And further answering, Defendant states that the Plaintiff's claim that the Policy is subject to a $250,000 loss limitation fails for lack of consideration.

## FIFTH AFFIRMATIVE DEFENSE

And further answering, Security says that if the Policy is subject to a $250,000.00 loss limitation, Security is entitled to payment of a premium for the Plaintiff's election of such loss limitation.

WHEREFORE, Defendant demands that the Plaintiff's Complaint against it be dismissed and that judgment enter for Defendant together with costs.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

1. Defendant/Plaintiff in Counterclaim, Security Insurance Company of Hartford ("Security") is a Connecticut corporation with a principal place of business in North Carolina.

2. Plaintiff/Defendant in Counterclaim, Berkshire Healthcare Systems, Inc. ("Berkshire"), is a Massachusetts corporation.

3. Security issued Workers Compensation and Employers Liability Insurance Policy No. 02 WTC 463602 (the "Policy") to Berkshire for the period of January 1, 2001 to January 1, 2002 in exchange for Berkshire's agreement to pay the premium for the Policy.

34953.2

4.   The Policy states at "Part Five – Premium" as follows: "You will pay all premium when due."

5.   Premium is presently due from Berkshire under the Policy and demand for payment of same has been made by Security to Berkshire.

6.   Berkshire has refused to pay the premium due under the Policy in violation of the Policy's terms.

WHEREFORE, Security respectfully requests that this Court order Berkshire to pay the premium due under the Policy; order that judgment should enter for Security on its counterclaim for declaratory judgment; and order such further relief as this Court deems just and appropriate.



Security Insurance Company of Hartford

By its attorneys,


_____/s/_____

George C. Rockas, BBO #544009
Kathleen M. Colbert, BBO #561174
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

Dated:  February 28, 2005

## CERTIFICATE OF SERVICE

I, Kathleen M. Colbert, hereby certify that on this 28th day of February, 2005 I served a copy of the foregoing document by first class, postage prepaid mail on all parties of record.


_____/s/_____

Kathleen M. Colbert

6

34953.2